{¶ 50} For the reasons that follow, I respectfully dissent from the majority opinion, which concludes that the trial court did not err in denying appellant's motion to suppress.
 {¶ 51} The search and seizure in the instant case took place as a result of the 911 call placed by Christen's husband, Tony. It was from this phone call that the dispatcher relayed the information to the police units. As the search and seizure were challenged by appellant in his motion to suppress, the state had the burden to demonstrate the factual basis upon which the warrantless search was predicated.[1]
 {¶ 52} At the suppression hearing, the state presented testimony from two responding officers and Christen. Christen testified that she did not fear for her life and only remained at appellant's home for fear of him harming himself should she leave. The officers testified that they had received a dispatch regarding a woman being held against her will at appellant's residence. None of the testimony elicited by the state demonstrated a factual basis for the original 911 call and subsequent warrantless search and seizure.
 {¶ 53} Contrary to the majority's conclusion, Tony cannot be classified as an identified citizen-informant, possessing the highest reliability. Tony had just received a phone call from his wife, telling him that she was going to spend the night at her ex-boyfriend's home. According to Christen's testimony, she called him to inform him that she was at appellant's house. She testified that she did not tell him she was being held against her will or that appellant had a weapon. However, Tony subsequently made the 911 call, telling the dispatcher that his wife was being held at her ex-boyfriend's house against her will. Thus, there exists a factual disconnect between what Christen testified she told her husband, and what her husband subsequently relayed to the 911 dispatcher. A tape of the 911 phone call was admitted into evidence at the suppression hearing. The court acknowledged that it would listen to the tape before rendering its decision. However, the tape of the call simply begs the question as to whether a factual basis of exigent circumstances existed necessitating a warrantless search and seizure. In order to establish the factual basis for the initial dispatch to the police units, and the subsequent warrantless search and seizure, the state needed to present evidence at the suppression hearing, in the form of testimony from Tony, as to the factual basis for his 911 call. The absence of such testimony precludes the state from meeting its burden of demonstrating the factual basis for the warrantless search.[2]
 {¶ 54} Therefore, the state failed to meet its burden of demonstrating a factual basis existed for the dispatch, rendering the subsequent search and seizure unlawful. The trial court erred in denying appellant's motion to suppress. For these reasons, I respectfully dissent.
[1] Mentor v. Schoenfeld (Aug. 20, 1999), 11th Dist. No. 98-L-141, 1999 Ohio App. LEXIS 3884.
[2] Id.